```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


RICHARD DALLAS                                           PLAINTIFF


VS.                                   CIVIL ACTION NO. 3:06CV486LS


AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS, BERAY
THIGPEN AND JOHN DOES 1-5                               DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff Richard Dallas to remand pursuant to 28 U.S.C. § 1447. Defendant American Family Life Assurance Company of Columbus has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

After defendant AFLAC denied plaintiff's claim for benefits under a policy of cancer insurance and cancelled the policy for non-payment of premiums, plaintiff, a Mississippi citizen, filed this action in the Circuit Court of Hinds County, Mississippi against AFLAC, a nonresident insurer, and against the AFLAC agent through whom plaintiff obtained the subject policy, Beray Thigpen. According to the complaint, around July 9, 2004, plaintiff applied for an AFLAC cancer policy through AFLAC agent Beray Thigpen. Plaintiff states that at the time he requested the policy, Thigpen had him complete a payroll deduction form authorizing plaintiff's

employer, Jackson Public Schools (JPS), to withdraw $19.70 from plaintiff's monthly salary for the insurance premium payments so that premium payments would be automatically deducted from plaintiff's salary to ensure that the policy would remain current without additional efforts by plaintiff.  Not long thereafter, in August 2004, plaintiff was diagnosed with cancer.  When he notified AFLAC of the diagnosis and sought payment of benefits, he learned that AFLAC had mistakenly cancelled his policy because he was deceased.  Once this mistake was cleared up, AFLAC cancelled plaintiff's policy for nonpayment of premiums.

In count I of his complaint, headed "Negligence," plaintiff alleged that "defendants" breached their duty to pay benefits upon being notified of his cancer diagnosis. Count II, for "Negligent Misrepresentation," charged that "defendants" "negligently induced" him to obtain the subject policy by "negligently misrepresenting" that benefits would be paid upon a cancer diagnosis.  Plaintiff charged "Bad Faith" in count III, alleging that "defendants" "attempted to thwart [their] obligation to pay . . . insurance proceeds" by claiming he had not paid the required premium even though they were aware that he had completed the form for automatic payroll deduction and had in their possession the payroll deduction form.  Finally, count IV, headed "Gross Negligence," broadly declared that "Defendants'" conduct "consisted of acts undertaken with gross negligence, willfulness,

maliciousness, and with conscious disregard for the rights of the Plaintiff."

AFLAC removed the case, contending that Thigpen, a Mississippi citizen like plaintiff, was fraudulently joined. Plaintiff has moved to remand. To sustain its charge of fraudulent joinder, AFLAC has the burden to demonstrate that plaintiff would have no reasonable possibility of recovery in state court against the resident/nondiverse defendant. See Smallwood v. Illinois Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

This court recently set forth the relevant principles of applicable Mississippi law in Rogers v. Nationwide Property and Casualty Insurance Co., stating as follows:

> Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach. Jabour v. Life Ins. Co. of North America, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005). See also Jenkins v. Farmington Cas. Co., 979 F. Supp. 454, 457 (S.D. Miss. 1997) (agent who is not party to insurance contract is not liable for payment of contractual benefits). "Similarly, it is clear that [an agent], as a non-party to the contract ha[s] no implied duty of good-faith and fair-dealing with regard to the performance of the contract and thus, cannot be liable under a bad-faith theory of recovery." Jabour, 362 F. Supp. 2d at 736.
>
> An agent may incur liability under Mississippi law independent of the insurance contract for conduct which is grossly negligent, malicious or which shows a reckless disregard for the rights of the insured. See Gallagher Bassett Servs., Inc. v. Jeffcoat, 887 So. 2d 777, 785 (Miss. 2004) (citing Bass v. California Life Ins. Co., 581 So. 2d 1087, 1089 (Miss. 1991)). "In other words, agents for insurance companies can be held

3

>liable for conduct that constitutes an independent tort." <u>Jabour</u>, 362 F. Supp. 2d at 741 (citing <u>Gallagher</u>).

433 F. Supp. 2d 772, 776 (S.D. Miss. 2006).

In light of these principles, there is no doubt that Thigpen can have no liability in connection with plaintiff's claims for the alleged negligent and/or bad faith failure to honor the insurance contract. The only claim even arguably stated against Thigpen is for what plaintiff terms "negligent misrepresentation;" but that claim is not actionable either.

The gist of plaintiff's putative claim for negligent misrepresentation is that Thigpen told plaintiff once he had completed the payroll deduction form that the premiums would be automatically deducted from his paycheck and there was nothing further plaintiff needed to do to ensure he had coverage. However, plaintiff does not allege that Thigpen knew or had reason to know this was untrue. Nor does plaintiff contend that Thigpen failed to forward his completed payroll deduction form to the appropriate persons for processing or that Thigpen had any reason to believe the form would not be transmitted to and acted upon by JPS so as to ensure payment of plaintiff's policy premiums. Thus, plaintiff's allegations do not even support a conclusion that Thigpen was negligent, much less that his conduct was grossly negligent, malicious, or in reckless disregard of plaintiff's

rights, notwithstanding plaintiff's conclusory allegation to that effect.

    Moreover, in his affidavit submitted in response to plaintiff's motion to remand, Thigpen makes clear that he did all that was required of him in order to effectuate coverage for plaintiff.  Thigpen states that plaintiff applied for an AFLAC cancer policy on July 9, 2004 by filling out and signing an application and payroll deduction authorization.  On that same day, he, Thigpen, submitted plaintiff's completed application to AFLAC and forwarded plaintiff's completed payroll deduction authorization form to Claude Hewitt, AFLAC's account manager for JPS, as was the standard practice.  Thigpen had no further involvement or information relating to plaintiff or the subject policy, and until this suit was filed, he was not aware that plaintiff had ever made a claim under the policy, that there had been any problems with plaintiff's payments or the payroll deductions, that the policy had been cancelled or that any claim

had been denied.[1]  Thigpen's affidavit confirms the absence of any legal or factual basis for plaintiff's suit against him.

The court readily concludes that plaintiff has no reasonable possibility of recovery against Thigpen, and that Thigpen has been fraudulently joined, and the court accordingly concludes that plaintiff's motion to remand should be denied.

SO ORDERED this 6th day of November, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] In Smallwood, the Fifth Circuit identified two avenues for predicting whether a plaintiff has a reasonable basis of recovery under state law.
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Smallwood, 385 F.3d at 573. See also Berry v. Hardwick, 152 Fed. Appx. 371, 374-375, 2005 WL 2652062, **3 (5th Cir. 2005) (explaining that under Smallwood, it is proper first to consider the allegations in the complaint, and if the plaintiff's allegations survive a Rule 12(b)(6)-type challenge, the court may consider evidence outside the pleadings).